UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARRAY DANIELS,<br>　　*Petitioner*, | :<br>:<br>: |
| v. | : No. 3:25-cv-407 (VAB) |
| WARDEN, FCI Danbury,<br>　　*Respondent*. | :<br>:<br>: |

**RULING AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Tarray Daniels ("Petitioner") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Pet., ECF No. 1.

For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

**I.    BACKGROUND**

Following a conviction for possession with intent to distribute and distribution of 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), Dec. Magnusson, ECF No. 11-1 ¶ 4, Ms. Daniels received a prison sentence of twenty-one months, to be followed by three years of supervised release. *Id.* Ms. Daniels is serving her prison sentence at FCI Danbury in Connecticut. *See* BOP, Inmate Locator, *available at* https://www/bop/gov/inmateloc (Reg. No. 34143-511) (last accessed July 10, 2025).[1] Her expected release date is April 3, 2026. *See id.*; Dec. Magnusson, ECF No. 11-1 ¶ 5.

In her petition for writ of habeas corpus under 28 U.S.C. § 2241, she challenges "her conditions of confinement." Pet., ECF No. 1 at 1. The Bureau of Prisons ("the BOP") has allegedly "denied her eligibility for 'earned time credits'" under the First Step Act. *Id.*

---

[1] The Court may take judicial notice of BOP's inmate locator website. *Gilmore v. Puzio*, No. 3:24CV1685 (VAB), 2025 WL 509344, at *1 (D. Conn. Feb. 14, 2025).

1

## II. STANDARD OF REVIEW

A federal prisoner may petition for habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted). Thus, habeas petitioners may seek relief under section 2241 "to challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *McPherson v. Lamont*, 457 F. Supp. 3d 67, 74 (D. Conn. 2020) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001), and collecting other Second Circuit cases).

## III. DISCUSSION

Ms. Daniels "bears the burden of proving that [s]he is being held contrary to law; and because the habeas proceeding is civil in nature, [she] must satisfy h[er] burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011). She claims that the BOP has denied her credits under the First Step Act, a claim available under § 2241. *See Jiminian*, 245 F.3d at 146 (listing "computation of a prisoner's sentence by prison officials" as a permissible ground for a section 2241 petition).

In a response, the Warden of FCI Danbury argues that this petition should be dismissed for a failure to exhaust available administrative remedies, and because her fentanyl conviction precludes the earning of sentencing credits under the First Step Act. *See* Resp., ECF No. 11 at 1.

The Court will address each argument in turn.

### A. The Alleged Failure to Exhaust Administrative Remedies

"The Second Circuit has made clear that a petitioner must exhaust her administrative remedies prior to filing an action under § 2241." *Daraio v. Lappin*, No. 3:08CV1812(MRK), 2009 WL 303995, at *3 (D. Conn. Feb. 9, 2009) (citing *Carmona,* 243 F.3d at 634). "Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, [but] decisional law has superimposed such a requirement in order to accommodate principles of federalism." *U.S. ex rel. Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2d Cir. 1976). Thus, section 2241's exhaustion requirement is judicial, not statutory.[2] *Carmona*, 243 F.3d at 634. "[T]he distinction between the two exhaustion requirements can be 'pivotal,' because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation and citations omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). To properly exhaust administrative remedies under the judicially imposed exhaustion requirement, a federal habeas petitioner must comply with the four-step Administrative Remedy Program ("the Program") established by the BOP. *See Atiyas*, 2024 WL 343029, at *2 (describing the four steps that must be taken before filing a § 2241 petition).

---

[2] The Court acknowledges the open question of whether the Prison Litigation Reform Act's ("PLRA") exhaustion requirement also applies to § 2241 actions. *See Atiyas v. Stover*, No. 23-CV-1132 (VDO), 2024 WL 343029, at *2 (D. Conn. Jan. 30, 2024). But, like Judge Oliver in *Atiyas*, it declines to apply the PLRA's exhaustion requirement in § 2241 actions "[u]ntil such time as the Second Circuit resolves this issue." *Id.*

Under the Program, an inmate must first attempt informal resolution with prison staff by submitting a BP-8 form. 28 C.F.R. § 542.13(a). She must next initiate a formal request to the Warden by submitting a BP-9 form. 28 C.F.R. § 542.14(a). She must then appeal to the appropriate Regional Director by submitting a BP-10 form. 28 C.F.R. § 542.15(a). Finally, she must further appeal to the BOP General Counsel by submitting a BP-11 form. *Id.* "[A]n inmate's claim is not considered fully exhausted until it is considered by the BOP General Counsel[.]" *Emery v. Pullen*, No. 3:22-CV-1003 (SVN), 2023 WL 348114, at *5 (D. Conn. Jan. 20, 2023) (citing *South v. Licon-Vitale*, No. 3:19-cv-1763 (VLB), 2020 WL 3064320, at *1 (D. Conn. June 9, 2020) (citing 28 C.F.R. § 542.15(a))). "In section 2241 actions, the burden of demonstrating exhaustion of administrative remedies is on the petitioner." *Paulino v. Flowers*, No. 3:24-CV-1569 (VAB), 2025 WL 297388, at *1 (D. Conn. Jan. 24, 2025).

Because section 2241's exhaustion requirement is judicially created, "a court has discretion to excuse the administrative exhaustion requirement for federal prisoners." *Donato v. Pullen*, No. 3:22-CV-640 (JAM), 2023 WL 1967340, at *4 (D. Conn. Feb. 13, 2023). The Second Circuit has identified four bases to excuse administrative exhaustion in the habeas context: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62; *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *7 (D. Conn. Mar. 3, 2017) (applying the four categories identified in *Beharry* to a § 2241 petition). "Courts considering claims of futility have found that futility exists only where there is a complete absence of a mechanism for correction of the alleged unconstitutional violation or the

4

petitioner is precluded by an unconscionable breakdown from using the process that exists." *Atiyas*, 2024 WL 343029, at *3 (quotation marks omitted).

The Warden argues that Ms. Daniels has completed some steps under the Program, but not enough if them to have exhausted her administrative remedies. Ms. Daniels completed the first two steps of the Program by seeking informal resolution and submitting a BP-9 form to the Warden. *See* Dec. Magnusson, ECF No. 11-1 ¶ 13. After the Warden denied her request, Ms. Daniels attempted the third step by filing an appeal with the Northeast Regional Director. *Id.* ¶ 14. But that appeal was rejected as untimely, and Ms. Daniels did not resubmit the appeal within ten days explaining its untimeliness. *See id.* ¶¶ 14–15. Even if she had, the Warden argues that Ms. Daniels did not attempt to complete the final step by filing an appeal with the BOP General Counsel on a BP-11 form. *See id.* ¶ 15.

Ms. Daniels seeks to excuse her failure to exhaust her administrative remedies, invoking the third basis identified in *Beharry*, and claiming that "[b]ecause her [release] date has passed and she is being injured by the BOP every day going forward, remedies are futile." Pet., ECF No. 1 at 7.

The Court disagrees.

The failure to complete this final step of the Program is itself sufficient to show that Ms. Daniels failed to exhaust her administrative remedies. *See, e.g.*, *Cowette v. Puzio*, No. 3:24-CV-1656 (OAW), 2025 WL 969529, at *3 (D. Conn. Mar. 30, 2025) (concluding that petitioner's "failure to file an appeal with BOP General Counsel . . . itself is sufficient to establish that she failed to exhaust administrative remedies").

And, as to Ms. Daniels's futility argument, it fails for three reasons. First, Ms. Daniels's release date has not passed. Her "projected release date via good conduct time under 18 U.S.C. §

5

3624(b) is April 3, 2026." Dec. Magnusson, ECF No. 11-1 ¶ 5. Second, even if Ms. Daniels had been held beyond her projected release date, "[c]ourts considering attempts to excuse exhaustion on the grounds of futility based on the time required to complete the exhaustion process have denied relief." *Atiyas*, 2024 WL 343029, at *3 (collecting cases) (rejecting section 2241 petitioner's claim that exhaustion was futile because he believed exhaustion process would extend beyond his expected release date).

Ms. Daniels also cannot point to a "complete absence of a mechanism for correction of the alleged unconstitutional violation" because she used the Program to seek relief before filing her Petition. *See* Dec. Magnusson, ECF No. 11-1 ¶¶ 13–14. That Ms. Daniels was unsuccessful in obtaining relief through the Program is attributable to her filing an untimely appeal and then failing to resubmit another appeal, *see id.* ¶¶ 14–15, not "an unconscionable breakdown from using the process that exists." Ms. Daniels's failed attempt to exhaust administrative remedies does not render the administrative remedy exhaustion mechanism itself futile. *See, e.g.*, *Cowette*, 2025 WL 969529, at *3–4 (dismissing section 2241 petition challenging application of FSA credits where petitioner failed to file appeal with the BOP General Counsel and did not show that any of the bases to excuse exhaustion applied).

Accordingly, because Ms. Daniels failed to exhaust her remedies and has not shown that exhaustion should be excused under any of the circumstances identified in *Beharry*, her habeas petition will be dismissed.

### B. The Impact of Ms. Daniels's Fentanyl Conviction On the Receipt of First Step Act Credits

Even if Ms. Daniels had exhausted administrative remedies, her petition still must be dismissed.

6

"The [First Step Act] specifically excludes prisoners convicted under 21 U.S.C. 841(b)(1)(B)(vi) from being eligible for time credits[.]" *Cowette*, 2025 WL 969529, at *3–4 (citing 18 U.S.C. § 3632(d)(4)(D)(lxvi)[3]).

The Warden argues that Ms. Daniels is statutorily ineligible for FSA time credits because of her conviction of possession with intent to distribute and distribution of 40 Grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi). Dec. Magnusson, ECF No. 11-1 ¶ 4.

Ms. Daniels nevertheless argues that, notwithstanding her fentanyl conviction, she remains eligible for First Step Act credits because she did not have a leadership role and the offense did not involve bodily injury. *See* Pet., ECF No. 1 at 4.

The Court disagrees.

While leadership roles and bodily injury may disqualify a prisoner from receiving First Step Act credits under other subsections of 18 U.S.C. § 3632(d)(4)(D), the plain text of 18 U.S.C. § 3632(d)(4)(D)(lxvi), *see* note 3, *supra*, does not require either of these conditions to be present to render a conviction under 21 U.S.C. 841(b)(1)(B)(vi) disqualifying. As a result, Ms. Daniels's conviction precludes her from receiving FSA credits.

---

[3] This section provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide" is "the chemical name for fentanyl[.]" *Alza Corp. v. Mylan Lab'ys, Inc.*, 310 F. Supp. 2d 610, 618 (D. Vt. 2004), *aff'd*, 391 F.3d 1365 (Fed. Cir. 2004).

Accordingly, even if her failure to exhaust her administrative remedies had been excused, her petition still must—and will be—dismissed.

## IV. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED. Dated this 25th day of July 2025, at New Haven, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE